UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROBERT WELDON CARR, III,            )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No. 1:24-cv-01418-JPH-KMB
                                    )
INDIANA DEPARTMENT OF               )
CORRECTIONS, et al.,                )
                                    )
            Defendants.             )

**ORDER SCREENING THIRD AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Robert Carr, III, is a prisoner currently incarcerated at Wabash Valley Correctional Facility. The Court screened and dismissed Mr. Carr's first three complaints for, among other things, violating Rules 18 and 20 of the Federal Rules of Civil Procedure for containing multiple misjoined claims. Dkts. 36, 39, 45. The Court granted Mr. Carr several opportunities to file an amended complaint. *Id.* One constant allegation in Mr. Carr's complaints has been that he was exposed to and possibly became ill from the Legionella pathogen when previously incarcerated at Pendleton Correctional Facility ("Pendleton"). Mr. Carr has filed a third amended complaint that focuses solely on the Legionella allegations. Dkt. 48. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Third Amended Complaint

Mr. Carr's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The third amended complaint lists as defendants (1) Warden Trent Allen; (2) former Warden (Dennis) Reagle; (3) Indiana Department of Corrections ("IDOC"); (4) Centurion Nurse Lisa Hamblen; (5) Dr. John Nwannunu; (6) Nurse J; (7) Nurse A; (8) Nurse B; (9) Officer Poor; (10) Officer Kansinger; (11) Officer Ashe; (12)

Officer A; (13) Officer B; and (14) Female Doctor A. Mr. Carr is seeking damages, alleging that the defendants have violated his Eighth Amendment rights.

Mr. Carr was at Pendleton from 2023 through late 2025. Dkts. 48 at 5, 42. He asserts that there has been a severe outbreak of Legionella at Pendleton of which Wardens Allen and Reagle were aware. Specifically, the water is contaminated with the Legionella pathogen because of old piping and water filters that have been used are inadequate. Mr. Carr also alleges that "the leader of I.D.O.C. also has to know about the outbreak but fails to intervene." Dkt. 48 at 5.

While at Pendleton, Mr. Carr experienced symptoms consistent with Legionella, such as diarrhea, stomach pains, vomiting, and fever. He submitted multiple healthcare requests for assistance, but they went unanswered. He also attempted to speak to nurses as they made rounds past the cells, but they would not help him. He mentions speaking to a Ms. Nevers, but she is not listed as a defendant. Mr. Carr states that he also asked for assistance from Officers Poor, Ashe, Kansinger, A, and B, without success. "The grievance officer also failed to help. Despite my pleas for help I was ignored also by the head doctors in charge of medical treatment, Dr. [blank space in complaint] and Female Doctor A . . . ." *Id.* at 4.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, the IDOC is not a "person" that can be sued under 42 U.S.C. § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (explaining that states and their agencies are not "persons" under § 1983). All claims against the IDOC **are dismissed**.

Second, although Lisa Hamblen and Dr. Nwannunu are listed as defendants in Mr. Carr's complaint, the body of the complaint itself contains no allegations regarding them. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citation omitted). All claims against Lisa Hamblen and Dr. Nwannunu **are dismissed**.

Third, the claims against Nurses J, A, and B, Female Doctor A, and Officers A and B amount to claims against "John" or "Jane Doe" defendants. Claims against all unknown John Doe defendants are dismissed for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Mr. Carr is able to learn the name of the unknown defendants, he may seek leave to add claims against them.

Third, Mr. Carr alleges that he asked Officers Poor, Kansinger, and Ashe for help, but they did not provide any. It is unclear whether Mr. Carr means he asked them for help regarding his healthcare, or more generally about the Legionella contamination in the water. It also is unclear how many times Mr. Carr spoke to them. When determining whether a defendant is liable for a constitutional violation under § 1983, each defendant and their actions are considered separately. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.*

Regarding the general claims of Legionella contamination, there is no allegation or indication that Officers Poor, Kansinger, or Ashe were in any position to attempt to fix that problem. Mr. Carr alleges that he (and others) brought the Legionella problem to the attention of the Pendleton wardens, who would have been in a position to correct the problem. Similarly, "[n]on-medical defendants . . . can rely on the expertise of medical personnel." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). The Seventh Circuit has made clear that, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* There are insufficient allegations that Officers Poor, Kansinger, or Ashe were aware of Mr. Carr allegedly receiving wholly inadequate medical care Mr. Carr spoke to these officers. In sum, there are insufficient allegations to show the personal

involvement of Officers Poor, Kansinger, or Ashe in any alleged constitutional deprivation. All claims against them **are dismissed**.

The claims that shall proceed are the following: Eighth Amendment conditions of confinement claims against current Warden Allen and former Warden Reagle. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 15, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The **clerk is directed to terminate** Indiana Department of Corrections, Global Tel Link, Sanders, and Pendleton Health Care Provider as defendants on the docket, and **to add** Dennis Reagle as a defendant.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Trent Allen and Dennis Reagle in the manner specified by Rule 4(d). Process shall consist of the third amended complaint filed on February 9, 2026, dkt. [48], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/23/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
    Trent Allen
    Dennis Reagle
    (At or formerly at Pendleton Correctional Facility)

ROBERT WELDON CARR, III
220503
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838